# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| MARCUS G. BUSH, | * | |
|     Claimant, | * | |
| | * | |
| VS. | * | CASE NO. 6:06-CV-41 (WLS) |
| | * | Social Security Appeal |
| JO ANNE BARNHART, | * | |
| Commissioner of Social Security, | * | |
|     Respondent. | * | |

## **RECOMMENDATION OF DISMISSAL**

Before the court is the Commissioner's Motion to Dismiss for failure to exhaust available administrative remedies filed on September 15, 2006. No response to the motion was filed by the Claimant in the allotted time. The facts reveal that the Claimant filed a claim for social security disability benefits on April 15, 2003, which was denied the following day, April 16, 2003, due to a finding of a lack of insured status. There is no indication that the Claimant appealed that initial finding. Thereafter, on June 15, 2003, the Claimant filed the above-styled case.

The first issue this Court must address is whether it has subject matter jurisdiction to review this claim. Subject matter jurisdiction for judicial review on claims arising under the Social Security Act (Act) is provided for and limited by 42 U.S.C. § 205(g) and (h), as amended 42 U.S.C. § 405(g) and (h). Under the Act, a court may only review a "final decision of the Secretary made after a hearing to which [the claimant] was a party." *Id.* In order to obtain a "final decision," Claimant must follow the administrative procedures

prescribed by the Secretary.[1] Because there has been no final judgment by the Commissioner in this case, therefore, the Claimant has not exhausted his administrative remedies, a requirement to bringing the action in the United States District Court.

WHEREFORE, it is hereby recommended that this case be DISMISSED without prejudice for the Claimant's failure to exhaust his administrative remedies. The Claimant may re-file once the Commissioner has made a final decision in the matter.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED** this 16th Day of January, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

---

[1] If Claimant does not exhaust these procedures, the Claimant may obtain judicial review if she raises a constitutional claim. According to the Supreme Court "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore access to courts is essential to the decision of such questions. . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence." *Califano v. Sanders*, 430 U.S. 104, 109, 97 S. Ct. 980, 986 (1977). However, Claimant has not argued that the termination of her benefits violated her constitutional rights.